IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN UNG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-02829 JSW<br><br>**ORDER VACATING HEARING ON MOTION TO DISMISS, CONTINUING CASE MANAGEMENT CONFERENCE, AND ORDERING SUPPLEMENTAL BRIEFING** |

Defendant, Facebook, Inc. ("Facebook") has filed a motion to dismiss, which is noticed for a hearing on December 2, 2011 at 9:00 a.m. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing set for December 2, 2011.

Facebook removed this case from the Superior Court of the State of California in and for the County of Santa Clara, and it asserts this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (*See* Docket No. 1, Notice of Removal, ¶ 4.) "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

1  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the
2  party seeking removal, and the removal statute is strictly construed against removal jurisdiction.
3  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*,
4  980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt
5  as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

6  CAFA provides that district courts have original jurisdiction over any class action in
7  which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member
8  is a citizen of a state different from any defendant, (3) the primary defendants are not states,
9  state officials, or other government entities against whom the district court may be foreclosed
10 from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§
11 1332(d)(2), (d)(5). "[U]nder CAFA the burden of establishing removal jurisdiction remains, as
12 before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*,
13 443 F.3d 676, 685 (9th Cir. 2006).

14 Plaintiffs do not plead a specific amount of damages in their Complaint. Thus, the Court
15 must look beyond the complaint to determine whether the suit meets the jurisdictional
16 requirements, and the defendant seeking removal must prove by a preponderance of the
17 evidence that the amount in controversy requirement has been met. *Loudermilk v. United States*
18 *Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). To determine whether the defendant has
19 met its burden, "the court should consider, in addition to the complaint itself, 'facts in the
20 removal petition and . . . summary judgment-type evidence relevant to the amount in
21 controversy at the time of removal.'" *Lowdermilk*, 479 F.3d at 1004 (quoting *Singer v. State*
22 *Farm Mutual Ins. Co.*, 116 F.3d 373-74, 377 (9th Cir. 1997)). Such "summary judgment-type
23 evidence" includes affidavits and interrogatories. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980
24 (9th Cir. 2005) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57-58 (5th Cir. 1993)).

25 In order to establish the amount in controversy, Facebook relies solely on paragraph 18
26 of Plaintiffs' complaint, in which Plaintiffs allege as follows:

27 > On February 18, 2011, the *Wall Street Journal* published an article under
> the headline "Web's Hot New Commodity: Privacy," in which it
28 > highlighted a company called "Allow Ltd.," one of nearly a dozen
> companies that offer to sell people's personal information on their behalf

2

and give them 70% of the sale. An Allow Ltd. customer received a payment of $8.95 for letting Allow tell a credit card company he is shopping for new plastic. *Id.*

These allegations are unrelated to any of the Plaintiffs. Accordingly, because this Court must ensure that it has subject matter over this dispute, it HEREBY ORDERS the parties to submit supplemental briefing on whether Facebook's reliance on paragraph 18 of the Complaint is sufficient to satisfy its burden to show the requisite amount in controversy. Facebook's supplemental brief shall be due by no later than December 7, 2011. Plaintiffs may submit any response thereto by December 14, 2011, and Facebook may file a reply by no later than December 21, 2011. At that time the matter shall be deemed submitted.

The case management conference scheduled for December 16, 2011 is HEREBY CONTINUED to February 10, 2012 at 1:30 p.m. The parties' Joint Case Management Statement shall de due on February 3, 2012.

**IT IS SO ORDERED.**

Dated: November 28, 2011



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3